UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br>BEN BRANDON LEE AND DEMARCUS GREGORY-RAOME JOHNSON<br>DEBTORS, | CASE NO. 25-32147<br><br>CHAPTER 7 |
| BEN BRANDON LEE,<br>PLAINTIFF,<br>VS.<br>STATE OF MICHIGAN, DEPARTMENT OF TREASURY, FORMERLY ERRONEOUSLY NAMED BY PLAINTIFF AS "STATE OF MICHIGAN"<br>DEFENDANTS | ADVERSARY NO. 26-03237 |

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (11 U.S.C. §523(A)(8))

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Ben Brandon Lee ("Plaintiff" or Mr. Lee), by and through undersigned counsel, file this First Amended Complaint for Determination of Dischargeability seeking to have his state student loans from the State of Michigan, Department of Treasury declared dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

After discussion between counsel for the parties, Plaintiff is amending his complaint to correct the name of Defendant from "State of Michigan" to "State of Michigan,

Department of Treasury", which is how the Original Complaint was served.

**Nature of the Case**

1. This is an action to declare that Plaintiff's State of Michigan, Department of Treasury student loan debts were not excepted from discharge under 11 U.S.C. § 523(a)(8).

**II. Jurisdiction and Venue**

2. On April 18, 2025, Plaintiff and his spouse filed a voluntary petition for relief under Chapter 7, Case No.25-32147
3. This Complaint is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).
4. Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over this adversary action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), This is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.
5. Venue is proper in this district under 28 U.S.C. § 1409 (a).

**III. Parties**

6. Plaintiff is an individual residing at 4407 Pinewood Ridge Drive, Spring, Texas 77386.
7. Defendant the State of Michigan, Department of Treasury is the owner, servicer, or agent responsible for the collection of the subject loans.

**IV. Statement of Facts.**

8. To the best of Plaintiff's knowledge, the initial amount on his student loans from Defendant was approximately $11,029.00. His loan account number is 5853-1001159032.
9. The Michigan Alternative Student Loan (MI-LOAN) Program loan consists of four loans taken out between September 28, 2006 and July 6, 2007 while he was a student in Michigan.

**10.** Plaintiff has been trying to keep up with the loan payments, with his most recent payments being $100/month.

**11.** However, despite paying a total of over $13,641.86 to date over the past 18 years, the amount of debt is now just over $18,000.00.

**12.** Despite his efforts, at no point has Mr. Lee been able to stop the growth of the loans as his payments were not able to keep up with the interest. He has paid more than he borrowed. Mr. Lee estimates that he has paid approximately 125% of what he borrowed, but eighteen years later, he owes approximately 160% of the amount borrowed!

**13.** Mr. Lee had federal student loans, but they have been administratively discharged due to disability.

**14.** Mr. Lee was in the military from 2019 – 2022 and receives disability benefits as he was found to be 100 percent totally and permanently disabled by the VA.

**15.** However, the amount of money Mr. Lee gets from his benefits is not enough to support his family of three.

**16.** Plaintiff's VA income was $4,337.41 as listed on Schedule I on his bankruptcy petition.

**17.** At the time the bankruptcy case was filed, Plaintiff also received $3,904.33 in VA education funds that went to tuition and fees as well as housing, but that income is no longer being provided as he is not currently in school.

**18.** Plaintiff receives rental income from a property in the state of Michigan, but the rent of $1610/month goes almost entirely to the mortgage of $1175/month and taxes, insurance, and upkeep.

**19.** The rental income will cease when the trustee is able to sell the home in Michigan, which he is currently attempting to do in order to receive funds for the estate that will be distributed as per the bankruptcy code.

**20.** Plaintiff's household's monthly net income, without counting the State of Michigan $100 loan payments he previously was making, was $31.00 at the time of the bankruptcy filing.

**21.** Plaintiff has recently been able to get a part-time job at United Airlines, Inc. where his projected annual income will be $17,966.52, which is obviously still far below median income for a family of three.

**22.** The State of Michigan's standard repayment plan would have Plaintiff pay $299.77 a month for the loan.

**23.** He can not afford payments of $299.77 a month.

**24.** Also, since the time that Plaintiff prepared his expenses, gasoline prices have skyrocketed and he must drive more as he works at the airport.

**V. Claim for Relief – Undue Hardship under 11 U.S.C. § 523(a)(8)**

**23.** Section 523(a)(8) exempts certain student loans from discharge unless repayment would impose an undue hardship on the debtor and her dependents.

**24.** The controlling test is the three-prong Brunner test, *Brunner v. New York State Higher Educ. Servs. Corp*., 831 F.2d 395 (2d Cir. 1987).

**25.** Plaintiff satisfies all three prongs:

**A.** Minimal Standard of Living: Plaintiff cannot maintain a minimal standard of living for himself and his household if required to repay student loans in addition to current expenses.

**B.** Persistence of Circumstances: Plaintiff's financial circumstances are unlikely to materially improve for a significant portion of the repayment period. He has been making payments when he could since 2007, almost 20 years, and yet the amount now owing is more than it was when it was taken out and he now has a young child.

C. Good Faith: Plaintiff has demonstrated good faith efforts to repay his loans, including making payments, continuing to have open communications for years with the loan servicers, and applying for forbearances when he could not make the payments.

**26.** Repayment of Plaintiff's student loans would impose an undue hardship within the meaning of § 523(a)(8).

**27.** While the loans from the Department of Education have a specific attestation method of proving the Brunner test, the state of Michigan student loans such as these for which Plaintiff seeks a discharge can also be discharged when Plaintiff shows that repayment will prove to be an actual hardship.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

**A.** Determining that Plaintiff's student loan obligations owed to Defendant are dischargeable under 11 U.S.C. § 523(a)(8);

**B.** Declaring such student loans discharged pursuant to 11 U.S.C. § 1328(a); and

**C.** Awarding such other relief as the Court deems just and proper.

Respectfully submitted,

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Ben Brandon Lee

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2026, a true and correct copy of the foregoing Plaintiff's First Amended Complaint for Determination of Dischargeability (11 U.S.C. §523(A)(8)) was served upon all counsel of record via EMAIL:

Thomas Golden
goldent2@michigan.gov
Assistant Attorney General
Revenue & Tax Division
P.O. Box 30754
Lansing, Michigan 48909
Ph: 517.335.7584

Respectfully submitted,



Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Ben Brandon Lee