UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br>BEN BRANDON LEE AND DEMARCUS GREGORY-RAOME JOHNSON<br>DEBTORS, | CASE NO. 25-32147<br><br>CHAPTER 7 |
| BEN BRANDON LEE,<br>PLAINTIFF,<br>VS.<br>STATE OF MICHIGAN, DEPARTMENT OF TREASURY,<br>DEFENDANT | ADVERSARY NO. 26-03237-MI |

JOINT RULE 26(F)(3) REPORT

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Ben Brandon Lee ("Plaintiff" or Mr. Lee), and Defendant State of Michigan, Department of Treasury, hereby provide this Joint Report created following their 26(f) conference.

**Participants and Date of Conference**

The following counsel participated in the Rule 26(f) conference held on August 28, 2026. The parties met on video.

**For Plaintiff(s):**

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC

221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
Direct line: 210-294-9273

**For Defendant(s):**

B. Thomas Golden
goldent2@michigan.gov
Assistant Attorney General
Revenue & Tax Division
P.O. Box 30754
Lansing, Michigan 48909
Ph: 517.335.7584

---

## II. Nature of the Case

### A. Brief Description of Claims

Ben Lee seeks to have his student loan from the State of Michigan, Department of Treasury declared discharged as an undue hardship under 11 U.S.C. . § 523(a)(8). Mr. Lee's income is below the median for this district and in addition, the V.A. has determined that he is 100% disabled. Mr. Lee's federal student loans are already discharged due to disability.

### B. Brief Description of Defenses

The State of Michigan, Department of the Treasury asserts the following defenses: Treasury denies that the Plaintiff meets the requirement for a discharge under 11 U.S.C. § 523(a)(8) based on the test described by *Brunner v. New York State Higher Educ. Servs. Corp*., 831 F.2d 395 (2d Cir. 1987) and adopted by this Circuit by *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003).

### C. Jurisdictional Basis

Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over this adversary action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8). This is a core proceeding under 28 U.S.C. §157(b)(2)(1).

---

**III. Settlement and ADR**

**A. Settlement Discussions**

The parties have engaged in pre-suit or pre-conference settlement discussions. A summary of the current status – we have discussed in good faith the options for disability discharge of student loans in Michigan and began discussions relating to settlement.

**B. Alternative Dispute Resolution**

The parties propose the following ADR mechanism:

- Yes- Mediation — proposed to occur earlier than 30 days before trial.
- No - Arbitration
- Yes -- Early Neutral Evaluation
- No -- None at this time

---

**IV. Initial Disclosures**

Pursuant to Rule 26(a)(1), the parties agree that initial disclosures will be served by: September 11, 2026.

If any party objects to initial disclosures, state the basis: No objection.

---

**V. Subjects of Discovery**

The parties anticipate that discovery will be needed on the following subjects:

**For Plaintiff(s):** Balance and accounting of the loans and any other procedures used for discharge.

**For Defendant(s):** Any information related to the factors of the three-prong test described by *Brunner v. New York State Higher Educ. Servs. Corp*., 831 F.2d 395 (2d Cir. 1987) and adopted by this Circuit by *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003), generally including, but not necessarily limited to loan amounts, information concerning finances, and possibilities for future repayment.

---

*//*

## VI. Discovery Schedule and Limits

### A. Proposed Discovery Deadline

The parties propose that all fact discovery be completed by: November 15, 2026.

### B. Interrogatories

**1.** The parties agree that each side may serve up to 25 interrogatories, including all discrete subparts.

### C. Requests for Admission

**1.** The parties agree that each side may serve up to 25 requests for admission.

### D. Requests for Production

The parties do not propose modification to the default rules governing requests for production unless otherwise noted: None.

### E. Depositions

**1.** The parties agree that each side may take up to 2 depositions (default: 10 per side under Fed. R. Civ. P. 30(a)(2)(A)(i)), with the understanding that the parties may agree to additional depositions. If the parties cannot agree on depositions beyond initial limit of 2, then a party seeking additional deposition testimony may seek leave of the Court.

**2.** Deposition duration: each deposition shall be limited to 8 hours on the record unless extended by stipulation or court order.

**3.** The parties request modification as follows: The parties believe that two per side should be plenty, the parties do not foresee much disagreement regarding facts in this matter.

---

## VII. Electronically Stored Information (ESI)

### A. Anticipated Sources

The parties anticipate that electronically stored information relevant to this action may be found in the following systems or formats: some account data may be in proprietary format; parties agree that PDF is fine unless it cannot be read, then they will conference about the issue and potentially provide data as screenshots, TXT files, or native format.

**B. Preservation**

The parties confirm they have taken or will take reasonable steps to preserve potentially relevant ESI as of: September 2, 2026.

**C. Production Format**

The parties agree that ESI shall be produced in the following format(s): The parties agree that PDF is fine unless it cannot be read, then they will conference about the issue and potentially provide data as screenshots, TXT files, or native format If the parties cannot agree on format, they will meet and confer and submit competing proposals to the Court.

**D. Search Methodology**

[ ] The parties agree to use the following search terms and/or technology-assisted review protocols: No specific searches have been determined necessary at this point beyond the loan records from Mr. Lee's State of Michigan student loan.

**E. Cost Allocation**

[X] The parties agree that costs of ESI collection, review, and production will be allocated as follows: Each party bears its own costs.

---

**VIII. Privilege and Inadvertent Disclosure**

**A. Assertion of Privilege**

The parties agree that privilege logs will be produced by: within 7 days of the production of documents from which documents were held back because of privilege.

Privilege log format: Categories but list BATES numbers or in some other way identify the number of pages.

**B. Clawback Agreement / Fed. R. Evid. 502(d) Order**

The parties do not seek a Rule 502(d) order at this time.

---

**IX. Protective Order / Confidentiality**

[X] The parties anticipate the need for a protective order governing confidential information. The parties will submit a proposed stipulated protective order to the Court by

November 1, 2026 if necessary.

---

**X. Expert Witnesses**

**A. Plaintiff's Expert Disclosures**

Plaintiff will serve expert disclosures required by Rule 26(a)(2) by: October 15, 2026 At this time the only expert would be attorney Amy Clark for attorney fees if there are fee issues.

**B. Defendant's Expert Disclosures**

Defendant will serve expert disclosures required by Rule 26(a)(2) by: October 30, 2026.

**D. Expert Discovery Cutoff**

Expert depositions and all expert discovery shall be completed by: December 1, 2026.

---

**XI. Amendments and Joinder of Parties**

The parties propose the following deadlines:

**1. Deadline to Amend Pleadings:** September 30, 2026.

**2. Deadline to Join Additional Parties:** September 30, 2026.

---

**XII. Dispositive Motions**

The parties propose the following deadlines:

**1. Deadline to File Dispositive Motions:** February 8, 2027.

**2. Opposition Deadline:** Fourteen days after service of the motion.

**3. Reply Deadline:** Seven days after service of the opposition.

---

**XIII. Trial**

**A. Jury or Bench Trial**

The parties believe a bench trial is appropriate. No party has requested jury.

**B. Estimated Length of Trial**

The parties estimate trial will require approximately 1 days.

**C. Proposed Trial Date or Readiness Date**

The parties represent that the case will be ready for trial by February 1, 2027.

---

## XIV. Proposed Schedule Summary

| Event | Proposed Deadline |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | September 11, 2026 |
| Deadline to Amend Pleadings / Join Parties | September 30, 2026 |
| Fact Discovery Cutoff | December 15, 2026 |
| Plaintiff Expert Disclosures | October 15, 2026 |
| Defendant Expert Disclosures | October 30, 2026 |
| Expert Discovery Cutoff | January 8, 2027 |
| Dispositive Motion Deadline | February 8, 2027 |
| Opposition to Dispositive Motions | 14 days after service |
| Reply to Dispositive Motions | 5 days after service of opposition |
| Proposed Trial Readiness / Trial Date | March 15, 2027 |

---

## XV. Other Orders

**A. Local Rule Compliance**

The parties confirm they have reviewed the Local Rules of the Southern District of Texas and propose NO modifications or additions to address local requirements.

**B. Pretrial Disclosures**

The parties propose the following deadline for Rule 26(a)(3) pretrial disclosures: February 12, 2027.

**C. Other Matters**

None at this time.

---

**XVI. Unresolved Disputes**

None at this time.

---

**XVII. Signatures**

Respectfully submitted,

**Counsel for Plaintiff(s):**

Signature: ___ ______
Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
Direct line: 210-294-9273

Date: __9-3-2026_________________________

---

**Counsel for Defendant(s):**
B.

Signature: ______*/s/ Thomas Golden*___
Thomas Golden
goldent2@michigan.gov
Assistant Attorney General
Revenue & Tax Division
P.O. Box 30754
Lansing, Michigan 48909
Ph: 517.335.7584

Date: ___9-3-2026______________

**Certificate of Service**

I hereby certify that on September 3, 2026, a true and correct copy of the foregoing Joint Report of Rule 26(f) Conference and Proposed Discovery Plan was served upon all counsel of record via the Court's CM/ECF electronic filing system, which will send notification of such filing to the following:

Thomas Golden
goldent2@michigan.gov
Assistant Attorney General
Revenue & Tax Division
P.O. Box 30754
Lansing, Michigan 48909
Ph: 517.335.7584

Respectfully submitted,

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Ben Brandon Lee