UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

In re:

BEN BRANDON LEE AND DEMARCUS GREGORY-RAOME JOHNSON,

Debtors.
_______________________________________/

Case No.: 25-32147

Chapter: 7

BEN BRANDON LEE,

Plaintiff,

VS.

STATE OF MICHIGAN, DEPARTMENT OF TREASURY,

Defendant.
_______________________________________/

Adversary No.: 26-03237

**STATE OF MICHIGAN, DEPARTMENT OF TREASURY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DETERMINATION OF DISCHARGEABLITY (11 U.S.C. § 523(a)(8))**

The State of Michigan, Department of Treasury ("Treasury"), through its attorney, Assistant Attorney General B. Thomas Golden, responds to Plaintiff's First Amended Complaint for Determination of Dischargeability (11 U.S.C. § 523(a)(8)) ("First Amended Complaint"). As Plaintiff's First Amended Complaint indicates, this amendment was filed to correct the name of the Defendant, State of Michigan Department of Treasury. In response to the First Amended Complaint, Treasury states:

## I. Nature of the Case

1. This is an action to declare that Plaintiff's State of Michigan student loan debts were not excepted from discharge under 11 U.S.C. § 523(a)(8).

**Treasury admits this allegation.**

## II. Jurisdiction and Venue

2. On April 18, 2025, Plaintiff and his spouse filed a voluntary petition for relief under Chapter 7, Case No. 25-32147.

**Treasury admits this allegation.**

3. This Complaint is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

**Treasury admits this allegation.**

4. Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over this adversary action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8). This is a core proceeding under 28 U.S.C. §157(b)(2)(1). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

**Treasury admits this Court has jurisdiction over this action, that this is a core proceeding, and that Plaintiff has consented to the Bankruptcy Court's entry of a final order. Treasury further states that it consents to the entry of a final order by the Bankruptcy Court.**

5. Venue is proper in this district under 28 U.S.C. § 1409(a).

**Treasury admits this allegation.**

## III. Parties

6. Plaintiff is an individual residing at 4407 Pinewood Ridge Drive, Spring, Texas 77386.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of this allegation.**

7. Defendant the State of Michigan, Department of Treasury is the owner, servicer, or agent responsible for the collection of the subject loans.

**Treasury admits this allegation.**

## IV. Statement of Facts

8. To the best of Plaintiff's knowledge, the initial amount on his student loans to the State of Michigan was approximately $11,029.00. His loan account number is 5853-1001159032.

**Treasury admits this allegation.**

9. The Michigan Alternative Student Loan (MI-LOAN) Program loan consists of four loans taken out between September 28, 2006 and July 6, 2007, while he was a student in Michigan.

**Treasury admits this allegation in part, and further states that the subject loans were taken out between July 2006 and July 2007.**

10. Plaintiff has been trying to keep up with the loan payments, with his most recent payments being $100/month.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Plaintiff has been trying to keep up with the loan payments." Treasury admits that the most recent payment was $100.00 and further states that Plaintiff's most recent payment was in May of 2025.**

11. However, despite paying a total of over $13,641.86 to date over the past 18 years, the amount of debt is now just over $18,000.00.

**Treasury admits this allegation.**

12. Despite his efforts, at no point has Mr. Lee been able to stop the growth of the loans as his payments were not able to keep up with the interest. He has paid more than he borrowed. Mr. Lee estimates that he has paid approximately 125% of what he borrowed, but eighteen years later, he owes approximately 160% of the amount borrowed!

**Treasury lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's efforts to stop the growth of the subject loans. Treasury admits that Plaintiff makes an estimation as to the payments on his student loans and Plaintiff's estimation that he owes more than he initially borrowed some eighteen years later. Treasury further states**

**that Plaintiff has not satisfied the subject loans through repayment.**

13. Mr. Lee had federal student loans, but they have been administratively discharged due to disability.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 13.**

14. Mr. Lee was in the military from 2019–2022 and receives disability benefits as he was found to be 100 percent totally and permanently disabled by the VA.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.**

15. However, the amount of money Mr. Lee gets from his benefits is not enough to support his family of three.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.**

16. Plaintiff's VA income was $4,337,41 as listed on Schedule I on his bankruptcy petition.

**Treasury admits that Plaintiff's Schedule I filed in his underlying bankruptcy case disclosed $4,337.41 in VA income. Treasury further states that Plaintiff's VA income was a**

**portion of the Plaintiff's individual monthly income of $9,851.74 (as part of the reported $14,498.00 monthly household income) that was disclosed on Schedule I of Plaintiff's Voluntary Petition. (DN 1, Case 25-32147).**

17. At the time the bankruptcy case was filed, Plaintiff also received $3,904.33 in VA education funds that went to tuition and fees as well as housing, but that income is no longer being provided as he is not currently in school.

**Treasury admits that Plaintiff listed monthly VA education benefit funds in his Petition, but Treasury lacks knowledge or information sufficient to form a belief about how those funds were applied at that time or whether Plaintiff continues to receive VA benefits.**

18. Plaintiff receives rental income from a property in the state of Michigan, but the rent of $1,610/month goes mainly to the mortgage of $1,175/month and taxes, insurance, and upkeep.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18. Treasury further states that Plaintiff's Voluntary Petition (DN 1, Case 25-32147) lists the monthly net rental income as $1,610.00 and further disclosed total monthly expenses for the rental of $0.00. (*Id.* at 64, 67).**

19. The rental income will cease when the trustee is able to sell the home in Michigan, which he is currently attempting to do in order to receive funds for the estate that will be distributed as per the bankruptcy code.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.**

20. Plaintiff's household's monthly net income, without counting the State of Michigan $100 loan payments he previously was making, was $31.00 at the time of the bankruptcy filing.

**Treasury admits that Plaintiff's bankruptcy filings are consistent with the allegations made in this paragraph, but Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Treasury further states that Plaintiff's financial situation at the time of his Voluntary Petition included two separate car payments of $600.00 per month (*Id.* at 24, 89) but then indicated that Plaintiff planned to surrender the only secured vehicle (2022 Chevrolet Equinox) listed in the Voluntary Petition. (*Id.* at 89).**

21. Plaintiff has recently been able to get a part-time job at United Airlines, Inc., where his projected annual income will be $17,966.52, which is obviously still far below median income for a family of three.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21.**

22. The State of Michigan's standard repayment plan would have Plaintiff pay $299.77 a month for the loan.

**Treasury denies the allegation contained in this paragraph.**

23. He can not afford payments of $299.77 a month.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23.**

24. Also, since the time that Plaintiff prepared his expenses, gasoline prices have skyrocketed, easily absorbing any net income.

**Treasury lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24, because it is unclear what time period Plaintiff refers to when paragraph 24 states "since that time" and Plaintiff's net income is presently unknown to Treasury.**

## V. Claim for Relief – Undue Hardship under 11 U.S.C. § 523(a)(8)

25. [23]. Section 523(a)(8) excepts certain student loans from discharge unless repayment would impose an undue hardship on the debtor and her dependents.

**Treasury admits this allegation insofar as the Plaintiff has correctly cited the statute.**

26. [24]. The controlling test is the three-prong Brunner test, *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987).

**Treasury admits that the controlling test for the dischargeability of student loans in the 5th Circuit is the *Brunner* test, as adopted by *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003).**

27. [25]. Plaintiff satisfies all three prongs:

**Treasury denies this allegation as untrue, and further states Plaintiff misstates the *Brunner* test adopted by *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003):**

> **(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. [*In re Gerhardt*, 348 F.3d 89, 91 (5th Cir.**

**2003) citing *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).]**

A. Minimal Standard of Living: Plaintiff cannot maintain a minimal standard of living for himself and his household if required to repay student loans in addition to current expenses.

**Treasury denies the allegations in paragraph 25.A as untrue.**

B. Persistence of Circumstances: Plaintiff's financial circumstances are unlikely to materially improve for a significant portion of the repayment period. He has been making payments when he could since 2007, almost 20 years, and yet the amount now owing is more than it was when it was taken out and he now has a young child.

**Treasury denies the allegations in paragraph 25.B as untrue.**

C. Good Faith: Plaintiff has demonstrated good faith efforts to repay his loans, including making payments, continuing to have open communications for years with the loan servicers, and applying for forbearances when he could not make the payments.

**Treasury denies the allegations in paragraph 25.C as untrue.**

28. [26]. Repayment of Plaintiff's student loans would impose an undue hardship within the meaning of § 523(a)(8).

**Treasury denies the allegation in this paragraph as untrue.**

29. [27]. While the loans from the Department of Education have a specific attestation method of proving the Brunner test, the state of Michigan student loans such as these for which Plaintiff seeks a discharge may also be discharged when Plaintiff shows that repayment will prove to be an actual hardship.

**Treasury denies the allegation in this paragraph as untrue as the standard for discharge of student loans under § 523(a)(8) requires undue hardship, while Plaintiff cites no authority for an "actual hardship" standard.**

## VI. Prayer for Relief

**WHEREFORE**, Treasury respectfully requests that this Court enter judgment in Treasury's favor:

A. Determining that Plaintiff's student loan obligations owed to Treasury are not dischargeable under 11 U.S.C. § 523(a)(8);

B. Declaring such student loans are not discharged pursuant to 11 U.S.C. § 1328(a); and

C. Awarding such other relief as the Court deems just and proper.

**STATE OF MICHIGAN, DEPARTMENT OF TREASURY'S AFFIRMATIVE DEFENSES**

The State of Michigan, Department of Treasury may rely on the following affirmative defenses and expressly reserves the right to assert such other affirmative defenses as may become apparent in the course of discovery or other proceedings in this matter:

1. Plaintiff has failed to state a claim for which relief can be granted.
2. Plaintiff's claims may be barred by estoppel, res judicata, laches, and/or waiver.

Respectfully submitted,

By: *__/s/ B. Thomas Golden__*
B. Thomas Golden (P70822)
Assistant Attorney General
Attorney for Claimant
Michigan Department of Treasury
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7584
GoldenT2@michigan.gov

Dated: September 14, 2026